# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JERARD HAMPTON,**

    **Petitioner,**

v.                                           Case No. 19-CV-1145

**SUE DEHAAN,**

    **Respondent.**

## RULE 4 ORDER

Jerard Hampton, who is currently incarcerated at the Wisconsin Resource Center, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Hampton was convicted of two drug offenses as well as being a felon in possession of a firearm. (*Id.* at 2.) Hampton was sentenced to five years of incarceration and five years of extended supervision on each of the three counts, to run consecutively. (*Id.*) Hampton alleges that his conviction and sentence are unconstitutional. Hampton has paid the statutory filing fee of $5.00; thus, his petition is ready for screening.

I must review Hampton's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody in violation of the Constitution or laws or treaties of the United States." Under Rule 4, I must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." During the initial review of habeas petitions, I

review whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Hampton raises three grounds for relief in his habeas petition: prosecutorial misconduct, excessive sentencing, and plea withdrawal. (Docket # 1 at 6–9.) Upon review of the petition, I am satisfied that the grounds stated by the petitioner in the petition translate, at least colorably, into a violation of rights under the United States Constitution. It also appears that Hampton has completely exhausted his state court remedies under 28 U.S.C. § 2254(b)(1)(A). As such, I conclude that summary dismissal under Rule 4 is not appropriate because it does not plainly appear from the "face of the petition" that the petitioner is not entitled to relief. Consequently, the respondent will be called upon to serve and file an answer, motion, or other response to the petition for a writ of habeas corpus.

**NOW, THEREFORE, IT IS ORDERED** that a copy of Hampton's petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED THAT** the respondent is directed to serve and file an answer, motion, or other response to the petition, complying with Rule 5 of the Rules Governing Habeas Corpus Cases, within **SIXTY** (60) days of the date of this order.

**IT IS FURTHER ORDERED THAT** unless the respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of the petitioner's claims:

1. The petitioner shall have forty-five (45) days following the filing of the respondent's answer within which to file his brief in support of his petition;

2. The respondent shall have forty-five (45) days following the filing of the petitioner's initial brief within which to file a brief in opposition. If petitioner does not file a brief, the respondent has forty-five (45) days from the due date of the petitioner's brief to file her brief; and

3. The petitioner shall have thirty (30) days following the filing of the respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows:

1. The petitioner shall have forty-five (45) days following the filing of the respondent's dispositive motion and supporting initial brief within which to file a brief in opposition;

2. The respondent shall have thirty (30) days following the filing of the petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty (30) pages and reply briefs must not exceed fifteen (15) pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin this 12th day of August, 2019.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge